# Jeffrey R. Parry, Esq.

## Attorney and Counselor at Law

Manuel Katsoulis, Esq.
Of counsel

*The White House*
Suite L103
7030 East Genesee Street
Fayetteville, N.Y. 13066
(315)424 6115
(315)622 4829 - *facsimile*

July 9, 2012

Hon. David Hurd
United States District Court
    for the Northern District of New York
10 Broad Street
Utica, NY 13501

    Re:   Zeigler v. Onondaga Cty, *et al.*

Dear Judge Hurd,

    Since the submission of plaintiff's papers in the above matter, the New York State Court of Appeals ruled on the highly relevant matter of Smith v. Tormey. Smith v. Tormey 2012 NY Slip Op 04664. A copy said decision is attached for the Court's convenience.

    In that Smith v. Tormey clearly points out that Judge Tormey overstepped both the authority of his office and the law of the State of New York, the Court is respectfully asked to apply this ruling to the issue of Judge Tormey's conduct in the constitutional deprivations found in Zeigler.

    Once again, your Honor's time and attention is very much appreciated.

                                           Very truly yours,

                                           Jeffrey R. Parry

2012 NY Slip Op 04664

IN THE MATTER OF TODD M. SMITH, Respondent,

v.

HON. JAMES C. TORMEY, & C., Respondent,
COUNTY OF ONONDAGA ET AL., Appellants.

No. 100.

Court of Appeals of New York.

Decided June 12, 2012.

Jonathan B. Fellows, for appellants.

Gary H. Collison, for respondent Todd M. Smith.

New York State Association of Criminal Defense Lawyers, amicus curiae.

Opinion by Judge Jones. Judges Ciparick, Graffeo, Read, Smith and Pigott concur. Chief

JONES, J.

The primary issue presented on this appeal is whether an Administrative Judge exceeded his authority pursuant to 22 NYCRR § 127.2 (b) by considering the order of a trial court assigning an attorney, under article 18-B of the County Law, to a criminal proceeding. We hold that section 127.2 (b), which only provides for an administrative judge's review of orders awarding legal fees to attorneys, did not authorize the Administrative Judge to review the assignment of counsel.

Pursuant to Article 18-B of the County Law, all counties within the State of New York must maintain a plan to provide counsel to those charged with a crime or otherwise entitled to such representation (see County law § 722; Levenson v Lippman, 4 NY3d 280, 285 [2005]). Respondent Onondaga County maintains a contractual agreement with respondent Assigned Counsel Program, Inc. (ACP), a not-for-profit corporation that delivers legal services to discharge the County's duty to provide legal representation. Accordingly, ACP, as administrator, oversees panel lists of qualified attorneys eligible to provide criminal representation in the County, including misdemeanor, felony and homicide panels.

This particular appeal arises from a criminal homicide prosecution in September 2007 against defendant Stacy Castor. Defendant was represented by privately retained counsel, Charles Keller, who, in light of the high-profile and complex nature of the case, asked petitioner Todd Smith to assist and serve as second-chair "based on [petitioner's] level of experience as an attorney who has been trying both felony and misdemeanor cases." At the time he was asked to assist in the defense, petitioner was not included on any panel list for assigned criminal counsel in the County.

Months later, after defendant exhausted her legal retainer, County Court designated Mr. Keller as assigned counsel, but petitioner remained unappointed. Ultimately, the matter proceeded to trial in January 2009 and a verdict was rendered on February 5, 2009. Petitioner had applied during the course of his participation in the defense to be placed on ACP's misdemeanor and felony panel lists, but was not accepted onto the felony panel list until two weeks after the verdict was issued.

In March 2009, after the completion of the trial, petitioner submitted a form to County Court entitled "Order Upon Request To Withdraw As Assigned Counsel" which claimed that petitioner had "been assigned on or about the 20th day of February, 2008." The court signed the form, retroactively appointing petitioner to the matter. As a result, petitioner submitted a voucher for payment to ACP seeking remuneration in the sum of $31,412.50 for 105.7 hours of in-court work and 313.8 hours of out-of-court work. ACP declined to remit payment because petitioner was "off panel" and "2nd chair not approved for pay" at the time he assisted in defendant's case. ACP's Executive Committee affirmed the denial of payment on identical grounds.

Petitioner subsequently moved before County Court, pursuant to County Law § 722-b and 22 NYCRR § 1022.12, for an order awarding legal fees. County Court granted the motion, concluding that the "extraordinary circumstances [of the criminal matter] justified, and in fact, necessitated, the assignment of a `second chair' to assure" that defendant received effective assistance of counsel. Recognizing that petitioner "was not on the ACP panel throughout his representation of [defendant], but was added to the panel at sometime in November of 2008," the court ordered that petitioner be paid for services rendered from November 2008 to the conclusion of the case.

Pursuant to 22 NYCRR § 127.2 (b), the County and ACP made an application to the Administrative Judge of the Fifth Judicial District seeking review of County Court's order directing that petitioner be awarded legal fees. The Administrative Judge found that it was beyond the purview of County Court, in contravention of County Law § 722-b, to appoint petitioner as he "never timely applied to be appointed for ACP nor was he qualified to be appointed by ACP as a second-seated counsel in this matter." Rejecting petitioner's argument that his scope of review was limited to orders of compensation, the Administrative Judge concluded that he was vested with authority under Rule 127 to also consider the propriety of an appointment because "the improper appointment of counsel to an indigent person under the auspices of the County Law in and of itself makes any fees or determination of compensation improper." Upon such review, the Administrative Judge determined that County Court exceeded its authority in awarding compensation because "[w]ithout proper appointment pursuant to the Rules, any legal fee award is excessive."

Consequently, petitioner commenced a CPLR article 78 proceeding in the Appellate Division to annul the determination of the Administrative Judge and seeking a judgment that he be paid for services in accordance with County Court's order awarding legal fees. The Appellate Division granted the petition

in part, concluding that the Administrative Judge exceeded the authority conferred by section 127.2 (b) (83 AD3d 1425 [4th Dept 2011]). As an initial matter, the court rejected the County and ACP's contention that it lacked the authority to review administrative determinations assigning counsel, remarking that it had the power "to review challenges related to the court's power to assign and compensate counsel pursuant to a plan or statute" (83 AD3d at 1427). As such, that court stated that the Administrative Judge exceeded his authority by considering the validity of the underlying appointment, reasoning that section 127.2 (b) only permits an administrative judge to review a claim for compensation in excess of statutorily defined limits. With respect to the petition's additional request for relief, the Appellate Division opined that it was rendered academic by its holding. And in any event, petitioner's qualifications as assigned counsel under ACP's rules and plans should have been contested by the County or ACP through the commencement of a CPLR article 78 proceeding or appeal of the County Court order assigning petitioner retroactively.

This Court granted the County and ACP leave to appeal (17 NY3d 704 [2011]), and we now affirm.

The County and ACP contend that the Administrative Judge did not exceed his authority in considering the order that retroactively assigned petitioner to the criminal proceedings. Relying primarily on Matter of Werfel v Agresta (36 NY2d 624 [1975]) and People v Ward (199 AD2d 683 [3d Dept 1993]), they assert that a trial court's orders assigning and compensating counsel are not amenable to justiciable review and are properly challenged by application to the appropriate administrative judge. In turn, petitioner, in reliance on section 127.2 (b) and Matter of Legal Aid Socy. of Orange County v Patsalos (185 AD2d 926 [2d Dept 1992]), argues that administrative judges are limited in review to the amount of awarded compensation, and any challenge to the underlying assignment of counsel is properly commenced by filing a CPLR article 78 proceeding in the nature of prohibition. We find the County and ACP's arguments unavailing and hold that the Administrative Judge exceeded the authority conferred by section 127.2 (b) by considering the order of assignment. Any objection to that determination of the trial court should have been raised by the County or ACP through an article 78 proceeding seeking a writ of prohibition.

In 2001, the Chief Administrative Judge amended 22 NYCRR § 127.2 (b), which now provides that:

> "The order of the trial judge with respect to a claim for compensation in excess of the statutory limits may be reviewed by the appropriate administrative judge, with or without application, who may modify the award if it is found that the award reflects an abuse of discretion by the trial judge. Any order modifying a trial judge's award shall be in writing."

The rule was amended in response to a series of cases, starting in Werfel (36 NY2d 624), where this Court observed that awards of legal fees are not amenable to appellate review as there are no pertinent criminal statutes expressly permitting consideration of an amount of compensation, nor an equivalent vehicle for civil review of such awards. For example, CPLR 7801 was deemed an inadequate basis for review as it "precludes the kind of determination petitioner seeks, which is, in effect, to obtain a higher allowance than he was awarded" (Werfel, 36 NY2d at 626). Accordingly, the petitioner in that case was directed to seek review of the award of compensation "by application through the several layers of judicial administration, that is, to the appropriate Administrative Judges and even to the Administrative Board of the court system" (id. at 627). We affirmed the Appellate Division's dismissal of the article 78 challenge to the order of compensation.

Subsequently, in Matter of Director of Assigned Counsel Plan of City of N.Y. (Bodek) (87 NY2d 191 [1995]), we reaffirmed the holding of Werfel, remarking that "formal appellate review of these compensation orders is impractical, since the appeals courts are several steps removed from the circumstances in which the services were rendered and are therefore not well positioned to assess the wisdom of the Trial Judges' discretionary choices" (Bodek, 87 NY2d at 194). In that case, which dealt solely with the appealability and reviewability of compensation orders, we again affirmed the Appellate Division's declination to engage in appellate review of an order of compensation.

Finally, in Levenson (4 NY3d 280), we rejected a constitutional challenge to amended section 127.2 (b), concluding that the Chief Administrative Judge had properly amended the rule pursuant to his power under the State Constitution and Judiciary Law, and did not unconstitutionally divest the Appellate Division departments of jurisdiction to review compensation orders — they have never enjoyed such inherent authority (see Levenson, 4 NY3d at 289).

In light of the foregoing, it is evident the Administrative Judge exceeded his authority under section 127.2 (b) when he considered and vacated the order of assignment. That provision, which is notably silent on the issue of assignment, only empowers administrative judges to assess the amount of compensation awarded, permitting a reduction of awards deemed excessive. The rule is a codification of this Court's consistent holdings in Werfel and Bodek that orders of compensation can only be reviewed before an administrative judge. Indeed, the rule was amended with the sole purpose of furnishing a "mechanism to review . . . enhanced awards" (Levenson, 4 NY3d at 286) and does not authorize, as was done here, an administrative judge to conflate the issues of assignment and compensation.

The County and ACP refer to this Court's remark in Werfel that "[t]he assignment and compensation of counsel in criminal matters . . . might be characterized as administrative" (36 NY2d at 626 [internal quotation marks omitted]) to contend that an assignment, because it is a similariy administrative function as an order of compensation, should also be reviewed by an administrative judge. Although we have previously observed that both the assignment and compensation of counsel in criminal matters do not fall squarely into either criminal or civil proceedings, and can be most closely characterized as administrative in nature, the County and ACP place undue emphasis on that similarity (see Werfel, 36 NY2d at 626). Werfel, Bodek and Levenson have exclusively concerned orders of compensation and simply established that administrative judges may consider awards of legal fees. We have never spoken on the appealability and reviewability of an order of assignment, nor expanded the scope of an administrative judge's authority to encompass review of an assignment of counsel. Thus, the County and ACP's reliance on Ward (199 AD2d at 684 ["The appeal must be dismissed, for this Court lacks jurisdiction to entertain appeals involving the `assignment and compensation of counsel in criminal matters'"]) is misplaced to the extent that the decision broadly interpreted this Court's holding in Werfel to apply to orders of assignment and compensation alike. Rather, certain distinctions between the nature of assigning and compensating counsel warrant different avenues of review.

Most significantly, the Bodek Court opined that appellate review of compensation orders is impractical as appellate courts are too removed to assess the propriety of the trial court's discretionary decision-making in fixing compensation. Consequently, as noted in Werfel, there are no adequate judicial

methods of review for orders of compensation. Thus, a challenge should be presented before the appropriate administrative judge, as now codified in section 127.2 (b).

An order of assignment, however, is properly contested by a CPLR article 78 proceeding in the nature of prohibition. Although an extraordinary remedy, a writ of prohibition is appropriate in "cases where a court acts without jurisdiction" as the "function of the writ . . . [is] not merely to restrain an unwarranted assumption of jurisdiction, but also to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction" (Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 436-437 [1971]). County Law § 722 (4) requires courts "to assign counsel in accordance with a plan conforming to the requirements of [section 722]" and permits courts to exercise their inherent authority to assign counsel in the event a particular county or city lacks a plan in conformance with the mandates of article 18-B (Matter of Stream v Belsheim, 34 AD2d 329, 333 [2d Dept 1970] [a court has "inherent power [in] the performance of its constitutional or statutory duty to furnish proper counsel to an indigent defendant"]).

A challenge that a trial court's order of assignment is infirm for failure to adhere to the particular requirements and qualifications enumerated under a county's plan, is pointed at a court's inherent or statutorily based authority to assign counsel. Such a challenge, pertaining to a court's exercise of authority in excess of its jurisdiction, constitutes a justiciable matter as appellate courts "have the authority to review challenges related to the [trial] court's power to assign and compensate counsel pursuant to a plan or statute" (Goehler v Cortland County, 70 AD3d 57, 61 [3d Dept 2009]; see also Parry v County of Onondaga, 51 AD3d 1385 [4th Dept 2008]; Matter of Legal Aid Socy. of Orange County v Patsalos, 185 AD2d 926 [2d Dept 1992]). Put another way, an allegation concerning a trial court's overreach raises judicial or quasi-judicial issues amenable to judicial review under CPLR § 7803 (2) which is suited for instances where "the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction."

Our holding should not be misconstrued to unduly constrain the authority of administrative judges. Section 127.2 (b) does allow review and modification of an order of compensation "with or without application." For instance, although the Administrative Judge here exceeded his authority under section 127.2 (b) by addressing the assignment of petitioner, he has not yet assessed whether the amount of compensation was adequate or excessive — an issue that is still open and not within our purview to address. However, it is evident that section 127.2 (b), which is a vehicle established for the exclusive review of awards of legal fees, cannot be used to circumvent a failure to contest an underlying order of assignment. Had the County and ACP sought to challenge the underlying order assigning petitioner to the matter *nunc pro tunc,* they should have commenced a timely CPLR article 78 proceeding in the nature of prohibition, challenging the County Court's assignment as exceeding its authority under County Law § 722 (4).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Order affirmed, with costs. Judge Lippman took no part.

Save trees - read court opinions online on Google Scholar.